DAUKSCH, Judge.
I respectfully dissent.
Appellant, a lay person representing himself, filed a motion for summary judgment. Approximately six weeks after this motion was filed appellee moved to dismiss the case because, according to appellee, the movant’s attorney had withdrawn one year earlier and this motion for summary judgment was filed for “the purpose of delay and does not constitute adequate discovery [sic] to move the case forward toward conclusion.” Appellee also moved to strike the motion as a sham pleading. On appeal appellee concedes a motion is not a pleading and is not subject to being stricken under Rule 1.150, Florida Rule of Civil Procedure, notwithstanding the fact that ap-pellee succeeded in having the trial judge order the motion “judicially canceled” [sic] and declare the motion a “sham pleading.”
After the motion was “judicially canceled" [sic] the judge declared “this action [sic] be dismissed for lack of prosecution.”
The motion for summary judgment urged the court to examine the evidence of record, which evidence, he says, consisted of depositions, documents and interrogatories (which I assume means answers to interrogatories), and enter summary judgment because he is entitled to it as a matter of law.
While I quite agree the motion could have been more artfully drawn, would have been better if supported by affidavit and perhaps the movant should have tried to call it up for hearing, it was filed within the one year and was barely sufficient and should have been dealt with by the court properly. In my opinion a motion for summary judgment filed within one year of the last in-court action is sufficient to forestall entry of a judgment dismissal for failure to prosecute.
I would reverse and remand for further proceedings.